# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| M. S., et al., | Case No. 20-CV-1325 (SRN/DTS) |
| Petitioners, | |
| v. | **REPORT AND RECOMMENDATION** |
| Department of Homeland Security (DHS); Immigration and Customs Enforcement (ICE); William Barr, U.S. Attorney General; State Attorney Generals from MN and all other States, | |
| Respondents. | |

Petitioner M. S. and twenty-three other individuals currently are detained pending removal proceedings or pending execution of their final orders of removal. Petitioners initiated this matter through the filing of a petition for a writ of habeas corpus, *see* ECF No. 1, but as indicated in this Court's prior order, *see* ECF No. 8, the petition was substantially flawed in several respects. First, the petitioners did not seek habeas *relief* in their habeas petition; instead, petitioners requested only that an attorney be appointed to investigate their allegation that removal proceedings had been initiated against them for reasons based in racial or ethnic animus. Second, the petition was light on specific factual allegations related to any particular petitioner. Third, although the petitioners had applied for *in forma pauperis* ("IFP") status, their IFP application did not supply sufficient information from which this Court could conclude that *each* of the petitioners qualified for IFP status. The petitioners were ordered to correct these deficiencies by no later than August 14, 2020.

Petitioners have submitted two documents in response. First, most — though not all — of the petitioners have signed a document attesting that they are unable to pay the filing fee for this action. The Court does not doubt that the petitioners who signed the document qualify financially for IFP status, but if one petitioner is ineligible to proceed IFP, none of the others may proceed IFP, at least so long as the ineligible petitioners remain parties to the litigation. *Cf. Anderson v. California*, No. 10 CV 2216 MMA (AJB), 2010 WL 4316996, at *1 (S.D. Cal. Oct. 27, 2010) (explaining that "if multiple plaintiffs seek to proceed *in forma pauperis*, each plaintiff must qualify for IFP status."). At a minimum, each petitioner must attest via affidavit that he is unable to pay the filing fee. *See* 28 U.S.C. § 1915(a). Not all of the petitioners have yet done so. Accordingly, the affidavit is insufficient to establish that the petitioners — even the petitioners who have signed the affidavit — are entitled to proceed IFP.

Second, petitioners have filed a "brief" — more accurately recharacterized as an amended petition — that raises two entirely new claims for relief. *See* ECF No. 10. First, petitioners allege that they have been detained for longer than permissible under the Due Process Clause of the Constitution. *See, e.g.*, *Zadvydas v. Davis*, 533 U.S. 678 (2001). Second, petitioners allege that the conditions of their confinement are unsafe due to the ongoing COVID-19 pandemic. With respect to the first of these claims, once again, the brief is light on specifics; the petitioners are described as a group as being in detention "ranging from 6 months to 2 years," ECF No. 10 at 3, but without knowing the circumstances of each petitioner's removal proceedings, this Court cannot know whether any specific petitioner can raise a claim pursuant to *Zadvydas* or its progeny. *See* Rule 4, Rules Governing Section 2254 Proceedings in the United States District Courts (requiring

dismissal of a petition where it appears that a petitioner is not entitled to relief); Rule 1(b), Rules Governing Section 2254 Proceedings (allowing Rules Governing Section 2254 Cases to be applied to all habeas proceedings, not only those brought under 28 U.S.C. § 2254). With respect to the COVID-19 claims, an identical challenge by largely the same group of petitioners (including M. S.) was just recently dismissed, *see* Case No. 20-CV-0793 (NEB/ECW), ECF No. 149 (D. Minn. Aug. 11, 2020), and that dismissal is now pending on appeal. Petitioners' brief offers no reason to believe that dismissal was inappropriate; indeed, the brief offers very little at all by way of factual allegations related to the COVID-19 pandemic and their detention facility's handling of that pandemic. Again, the petitioners have not pleaded an adequate basis upon which to be afforded habeas corpus relief.

Petitioners have failed to adequately respond to this Court's prior order, have not demonstrated that each petitioner is entitled to IFP status, and have not pleaded a claim specific to any petitioner upon which habeas corpus relief may be granted. Accordingly, this Court recommends dismissal of this action without prejudice.

Finally, this Court notes that M. S. appears to be attempting to prosecute this habeas action on behalf of the group as a whole.[1] "A pro se [litigant] may represent only himself in an action; he may not litigate the claims of others, including the claims of any putative class." *Stone v. Jesson*, No. 11-CV-0951 (WMW/HB), 2019 WL 3769707, at *1

---

[1] Most of the problems in this matter stem from the fact that the group habeas petition submitted by petitioners is necessarily unwieldy, especially under the circumstances of this case (even simple administrative tasks such as the filing of an IFP application is complicated by the fact that each petitioner must assent on his or her own behalf). Moreover, the *Zadvydas* claims raised in the amended pleading turn on factual issues specific to each individual petitioner, such as the length of that petitioner's detention, the date that the petitioner's removal order has become final, and the likelihood of that petitioner's removal in the foreseeable future.

(D. Minn. May 30, 2019) (quotations and citations omitted); *accord* 28 U.S.C. § 1654. To the extent that any individual petitioner may intend in the future to relitigate the habeas claims raised in this proceeding, that petitioner must be prepared to prosecute that matter on their own behalf — or request appointment of counsel should they feel they are unable to represent themselves. But a pro se litigant cannot act as unlicensed counsel for other litigants, and M. S. will not be permitted to do so in the future.

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY RECOMMENDED THAT:

1. This matter be DISMISSED WITHOUT PREJUDICE pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

2. Petitioners' application to proceed *in forma pauperis* [ECF No. 7] be DENIED AS MOOT.

Dated: August 28, 2020         s/David T. Schultz
                               DAVID T. SCHULTZ
                               U.S. Magistrate Judge

## **NOTICE**

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).