UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| M. Siddiqui, et al.,<br><br>Petitioners,<br><br>v.<br><br>Department of Homeland Security, et al.,<br><br>Respondents. | Case No. 20-cv-1325 (SRN/DTS)<br><br>**ORDER** |

SUSAN RICHARD NELSON, United States District Judge

This matter is before the Court on Petitioners' Objection [Doc. No. 13] to United States Magistrate Judge David T. Schultz's August 28, 2020 Report and Recommendation [Doc. No. 12] ("R&R"). Petitioners are a group of individuals currently detained pending removal proceedings or pending execution of final orders of removal. Petitioners jointly filed a Petition for a Writ of Habeas Corpus [Doc. No. 1] ("Petition"), accusing the Department of Homeland Security and United States Immigration and Customs Enforcement of discrimination in the enforcement of the United States' immigration laws. On July 16, 2020, the magistrate judge ordered Petitioners to correct several pleading deficiencies in the Petition, and Petitioners subsequently filed an Amended Petition [Doc. No. 10]. The magistrate judge found that the Amended Petition did not resolve the deficiencies identified in the July 16, 2020 Order, and recommended that the Court dismiss the Petition without prejudice and dismiss Petitioners' application to proceed *in forma pauperis* ("IFP") as moot.

1

In their Objection, Petitioners argue that the magistrate judge should have appointed counsel to represent them prior to recommending dismissal of the Petition. Petitioners also argue, with respect to their application to proceed IFP, that they could not obtain affidavits supporting IFP status from all Petitioners because some Petitioners have been "deported/removed to other places." (Obj. 2.)

The district court reviews de novo those portions of the R&R to which a specific objection is made and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *accord* D. Minn. L.R. 72.2(b). Having reviewed the R&R de novo, the Court finds that the magistrate judge correctly recommended dismissal of this action without prejudice, based on the pleading deficiencies identified in the R&R. (*See* R&R 2-3.) Although the Court is sympathetic to Petitioners' desire to have an attorney appointed for them, there is no constitutional or statutory right to counsel in habeas corpus proceedings. *See Hoggard v. Purkett*, 29 F.3d 469, 471 (8th Cir. 1994). Even if the Court were to construe the Petition as a civil class action complaint rather than a petition for a writ of habeas corpus—which the Objection suggests may have been the Petitioners' intent—there is no constitutional or statutory right to counsel in civil proceedings, either. *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013). Thus, the Court will dismiss the Petition without prejudice. And, consequently, Petitioners' IFP application will be denied as moot.

Accordingly, **IT IS HEREBY ORDERED** that:

1. Petitioners' Objection to the Report and Recommendation [Doc. No. 13] is **OVERRULED**;

2. The Report and Recommendation [Doc. No. 12] is **ADOPTED**;

3. Petitioners' Petition for a Writ of Habeas Corpus [Doc. No. 1] is **DISMISSED without prejudice**; and

4. Petitioners' Application to Proceed *in Forma Pauperis* [Doc. No. 7] is **DENIED as moot**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**


Dated: December 21, 2020

s/Susan Richard Nelson
SUSAN RICHARD NELSON
United States District Judge